Our argument this morning is Rodriguez v. Milwaukee County. May it please the court, I am Raymond Claussen, I represent Ruby Rodriguez, who is a debtor. She is not a criminal, she is a debtor, and that is an important fundamental fact in this case. She is a debtor who jeopardized her liberty by failing to pay a civil judgment. She wasn't facing arrest for any other reason, she wasn't in contempt of court. Mr. Claussen, I could understand an argument that there is a problem under state law, but of course you're making a claim under 42 U.S.C. 1983 under federal law. Your lead argument is that by making an error of state law, the defendant made an error of federal law. Do you have any authority for that proposition? The particular contention that by making an arrest without state law authority, the defendant violated the Fourth Amendment, is an argument that has been considered by the Supreme Court in Virginia against Moore and rejected. And your brief doesn't even mention Virginia against Moore. It's binding on us. I have a lot of difficulty understanding what there is for us given cases like Virginia against Moore. Judge, in this case... I think you need to discuss Virginia against Moore in response to a question about Virginia against Moore. Does that make sense? I'm not prepared to discuss Virginia against Moore and we haven't briefed it in either direction, unfortunately. I'd be happy to submit a supplemental brief on that. The time to research decisions of the Supreme Court is before you file your complaint, not after a case is argued in the Court of Appeals. You have a legal obligation to do the research before filing suit. Our one principal point that we make in this case is that the commitment out of the Franklin Municipal Court is self-limiting. It's not a hue and cry. It's directed to particular agencies and in particular only to officers with... Yes, that's exactly the sort of argument that was rejected in Virginia against Moore. It's why you might have a good claim under state law, but as a matter of federal law, it is a dead-bang loser. Is there anything else here? There is. There is, Your Honor. In our case, we have the other issue of the length of the booking, which took... It took 13 hours to release the defendant. That would be a very interesting claim had you sued the people responsible for the delay. But as the district court observed, you sued only the arresting officer who was not responsible for the delay. You have to sue the people who aggrieve you rather than somebody who might have put a process in motion. She participated in that process, Your Honor. By making the arrest, but not by making any decision about when your client would be released on bail. Respectfully, Your Honor, she did. She personally detained Ms. Rodriguez for an hour and 20 minutes. If you want to say that an hour and 20 minutes is unconstitutionally long, that would be a claim you could make against her. You would then have to deal with a decision of this court, Portis v. Chicago, which holds as a matter of federal constitutional law that two hours is not unreasonably long. But you don't appear to be aware of Portis v. Chicago either. I just find it profoundly troubling when you have claims under federal law that are being made without researching the governing law. Our position on the detention, Your Honor, is that by making the arrest, by holding Ms. Rodriguez for an hour and 20 minutes, Ms. Porter participated in that process, and she knew how long that could take. She turned Ms. Rodriguez. Do you have some concrete decision for the proposition that by making an arrest, you become liable if other people later on violate the arrestee's constitutional rights? She initiated the process. I'm asking whether you have a decision that there is liability under those circumstances. I didn't find one, and I'm not aware of one. Our argument, Your Honor, remains as we briefed it, and it also involves this idea of routine in the county jail, of which Ms. Porter was well aware. She'd been working in the jail for years, so had Captain Sobeck. She knew, as I've commented before, full well what would happen. But we have an additional argument about the arrest. Ms. Rodriguez had an obligation to pay a judgment. She didn't pay it. That's what got her into trouble. But she also had a right to pay the judgment, and when the judgment was paid, unlike a bail— Actually, I'd like to ask you about that because as I read the judgment, it doesn't look to me like it gives her the right to pay before she's in prison. I mean, she certainly had the right to pay when it was first entered against her, but once she didn't, I don't read the language of the judgment as any alternative. I mean, the person who arrests is supposed to deliver to the inspector. The inspector is commanded to receive and keep for nine days unless the judgment is paid sooner. So the order to keep in custody comes first, and then the length of time is determined by that nine days. I mean, if you pay sooner, then you can let go sooner, but it certainly doesn't present them in the alternative. Moreover, Ms. Porter didn't have that obligation because she's not the inspector, so she didn't even have the authority, putting aside the question of whether she had the authority to make the arrest. I mean, that's not her call. So I'm not sure that I read the order to set up this alternative scheme that you're proposing. She certainly did have the option to pay instead of being in prison, but that was before. That was when the judgment was first entered. Respectfully, Your Honor, I think what you're proposing would produce a rather Alice in Wonderland result. So if after the commitment is issued, but before any arrest has occurred, Ms. Rodriguez approached the municipal court and paid the judgment and then got arrested, there would be no. I'm not proposing that. I'm just saying that the order of events in the situation in which Ms. Rodriguez found herself doesn't have to go the way that you proposed by the terms of the commitment. Never mind. What I'm proposing is that once the sheriff's department has the money, there's no purpose in keeping her in the context of this case, which is just all about getting the money. I mean, she is a debtor. The municipal court issues the commitment. The court uses the police in Milwaukee County as debt collectors. That's what this is about. This is to compel a defendant to pay a forfeiture. Once the forfeiture is paid, there is no point in processing this person who has been arrested on that debt. Was the debt a punitive fine for this resisting or obstructing an officer? You could call it that. The municipal court is not a criminal court. It has no criminal jurisdiction at all. It can't, as a first-line penalty, order anybody to jail, except possibly for contempt committed in the judge's presence, which isn't what we're talking about here, and that's a different procedure. But in our situation, once the money is paid, and it can be paid by anybody. The order doesn't require that only Ms. Rodriguez pay this debt. I could have walked in and paid the judgment for her. Once the debt is satisfied, and that occurred when the police arrested her and seized the money along with her, and she announced, I want to pay this thing, the whole processing became unnecessary. It doesn't even matter who she is. If they take her fingerprints and confirm, yes, this is who she is. She says she's Ruby Rodriguez. We agree. We're going to let her go. If it turns out, no, it's not Ruby, the commitment doesn't require that that person be held because, again, the judgment has been paid. So the whole booking process in this situation, as compared to a situation involving bail, where the idea is to guarantee as much as possible the return of a defendant to some court proceeding in the future, that doesn't apply here at all. As far as the question of custom and procedure is concerned, under Monell, the district court, the magistrate, had no problem at all deciding that what happened in this case does represent county policy. Her finding was there just isn't a constitutional violation here. This is like the Doe case. I'll call it that. It's the only Doe that's been cited in the briefing out of this court. But that dealt with a rather different situation. It was bail rather than a debt. It involved a plaintiff who had no complaint about the length of time that she was held for booking. So under those circumstances, I don't think that that case controls. So our position remains what we stated in the briefing. I apologize, Judge Easterbrook, for overlooking Virginia v. Moore and the Portis case. I can't say more about that. Thank you. Let's go. Thank you, Mr. Claussen. Ms. Doyle. Good morning. May it please the court, counsel. My name is Attorney Amy Doyle, and I represent the defendants in this case, Milwaukee County and Officer Porter. Rodriguez filed this lawsuit against two defendants, Milwaukee County and Officer Porter, and made two claims. One was violation of her Fourth Amendment rights, and the other was a Fourteenth Amendment violation. She also claimed that Milwaukee County had in place an unconstitutional policy, practice, and procedure. Rodriguez cannot succeed on her claims. She cannot establish any constitutional violation in this case. And because of that, we request that this court affirm the dismissal by the district court when they granted summary judgment. I take it that there's no claim under the supplemental jurisdiction under state law. That that's correct. There was no claim mentioned. Correct. Ms. Doyle, I'm not sure that anything in the appeal turns on it, but can I just ask you a brief question on state law for a minute? Yes. Is it clear to you that the arresting officer lacked authority under state law to make this arrest? The reason I ask you that is because there appears to be a provision in Wisconsin Law 301.29 that authorizes correctional officers to make arrests within the correctional facility. And so just in preparing for the argument, I wondered why wouldn't that apply here? I am not positive whether that applies or not. I can tell you that she did testify that she was not a sworn officer, did not have the authority as a sworn officer to arrest her. But I cannot attest to 301.29. I'm not familiar with that. Okay. So starting out with Officer Porter, the first claim is that Officer Porter violated Rodriguez's Fourth Amendment rights when she arrested her pursuant to the valid City of Franklin warrant. There can be no constitutional violation of the Fourth Amendment because the arrest was made pursuant to a valid warrant. There is no issue in this case that the warrant was not valid. There is no claim in this case that the warrant was corrected. The claim is that the arrest was made by somebody who, as a matter of state law, lacked the authority to make this arrest. I was very hard on Mr. Clausen for not being aware of Virginia v. Moore. I should be equally hard on you. This case probably could have ended in the district court within days had you cited Virginia v. Moore to Mr. Clausen and to Judge Joseph. This case was dead on arrival under governing law of the Supreme Court, but it gets litigated at length and comes to be briefed and argued in the Court of Appeals because both sides failed to do the necessary research. Yes, Your Honor. We did not cite two Virginia v. Moore. We did cite you some cases that established that state law violations do not define or establish constitutional violations. That has been clear for 200 years. That's correct. But Virginia v. Moore applies that to the particular problem of arrests not authorized by state law. Yes, Your Honor. Going back to Officer Porter, our position is that there can be no Fourth Amendment violation because the arrest taking her into detention was based on probable cause, which is the City of Franklin warrant. Again, there is no dispute that it's valid, that it was directed to Rodriguez. Rodriguez does not make any claim that she had already paid the judgment prior to that. So because of that, our position is that there's no Fourth Amendment violation. And I know in the briefing, Rodriguez argues that because Officer Porter did not have arrest authority, that a Fourth Amendment violation has occurred. Our position is that the licensure statutes of Wisconsin do not impact on whether a Fourth Amendment violation occurs. The issue in this case is a Fourth Amendment violation, not whether the state law statutes relating to licensure of officers was complied with. The next issue that Rodriguez makes is that because Officer Porter arrested her, she violated her due process rights because it resulted in a 13-hour incarceration. Rodriguez essentially argues that when she presented herself at the jail to pay the bail of her son, it gave her two options once the warrant was discovered. She had the option of paying that amount, or she had the option of serving the nine days in jail. And it was her option to make. And our position is that this is not the law. First of all, Officer Porter had no role or involvement in what happened after she was detained. She did not make any decision with respect to how long she should be held. It sounds like Mr. Claussen is arguing that Portis might have been responsible for the first hour and 20 minutes. Officer Porter- Is there any potential argument that an hour and 20 minutes to get somebody out on the street on bail is unconstitutional? No. First of all, she was arrested and taken into custody- I mentioned Portis, which rejected a two-hour rule that a district court had adopted. But Portis does say that if the officer stands up and tells the suspect, in this police precinct, the process is the punishment. We think two hours in jail is just the right time for this crime, so we're going to hold you. We could let you out right now, but we ain't gonna. You might really have a constitutional claim there. I didn't see an argument along those lines by Mr. Claussen. Do you think the record here would support an argument along those lines? No, I wouldn't. There's no evidence in the record that there was any intent to hold her longer than she should have been. There was a procedure that was in place, and it was followed in this case. There were several steps to that procedure. For most citizens, the statement, the bureaucracy had a procedure in place are words of terror. But I would respond to that. I think the evidence says that it was a reasonable procedure, and she was taken into custody pursuant to a valid warrant, which allowed her to be incarcerated for up to nine days. At some point during her detention, she did make a request for self-bail. That started the release procedure, and there were several steps to that, which included verification of her identity. That information came back at approximately 3 a.m. After that information came back, the packet was prepared, and a jail officer and two supervisors had to review the packet and approve it. In this case, Rodriguez was released two hours after that, which I think was very reasonable. I go back also to the issue of the 13-hour detention that the claim is made against Officer Porter. Officer Porter did have some role in taking her into detention, brought her into the facility, and she did do some type of pat-down search. She was involved in the early stages of her detention. After that, she had no involvement, she was not working, and was not working in the jail facility at that time. Under the law, in order for there to be a 1983 claim, there has to be personal responsibility. That officer must have had some involvement in the decisions made, and in this case there is no evidence, and Rodriguez does not even dispute that, that she had no role in what happened in the jail after those early stages of booking her and doing a pat-down search. Rodriguez also makes the claim that when she presented at the jail, she should have had the option of immediately paying the amount, and by Officer Porter taking her into custody, she violated her due process rights, essentially meaning Officer Porter set in motion this 13-hour incarceration because she would not immediately accept that payment. And I think that issue is decided in the decision of Doe versus DuPage County. And that case is very similar to our case where the judge issued a warrant for arrest, the plaintiff in that case presented herself in DuPage County, and she was taken into custody even though she made a request for immediate payment. And the court in that case indicated that the bench warrant, similar to the warrant in our case, authorized that the plaintiff be taken into custody despite any request to pay the judgment amount. So it's a very similar case, and it doesn't matter how the person comes into custody. For example, if they're stopped on the road, there's no requirement that the police officer or deputy accept any payment if there is a warrant discovered during that search. And that's what the court said, that the plaintiff does not enjoy any greater rights under the Fourth Amendment than any other arrestee seized with probable cause. And in this case, the warrant authorized Officer Porter to take her into custody, and she could be taken into custody. There's no constitutional right that Officer Porter or Milwaukee County or anyone else accept immediate payment in lieu of taking her into custody. Now the last issue is the Monell claim. And in that claim, Rodriguez is alleging that policies and practices in the county were unconstitutional and violated her rights. Essentially what Rodriguez is arguing is that because of what happened in this case was consistent with department policies and procedures, she wins on the Monell claim. The two are very different. Simply because what happened in this case may be consistent with policy and practice at the county does not mean that there is a constitutional violation. Furthermore, as established and pointed out by the district court, it is unclear as to what specific policy and practice Rodriguez even claims is unconstitutional. Was it the fact that the county didn't allow her to make immediate a payment? Was it the fact that they ran a warrant search on her? Was it the issue of taking her into custody? We don't know because that was never specific. There was no specific allegations as to what unconstitutional policy, practice, or procedure Rodriguez claims is at issue in this case. And our position is that there's no underlying constitutional violation. So even if you go one step further, I don't believe the 13-hour detention is a constitutional violation. Again, as I stated previously, there is procedure, and I believe that procedure was reasonable. She was claiming a due process violation. She was allowed to request self-bail, and that was complied with and steps were taken to release her. Now the fact that plaintiff claims that it should have been done in a lot less time, you know, that does not rise to a constitutional violation. And if there are no other questions, we request that the district court decision dismissing this case be affirmed. Thank you. Thank you, Ms. Doyle. Anything further, Mr. Claussen? Yes. You have 36 seconds. I bring the court's attention to the Dennis Rodriguez case in which the Supreme Court ruled that the police need to handle matters efficiently. Now that was a different set of circumstances, but nonetheless, just a few minutes of detention time was too much time. In this case, even an hour and 20 minutes was unnecessary to accept the money and to release Ms. Rodriguez. Thank you. Thank you, counsel. The case is taken under advisement.